IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., and EDWARD D. BAGELY,<br><br>       Plaintiffs,<br><br><br>   vs.<br><br><br>LUMBERMENS MUTUAL CASUALTY COMPANY, et al.,<br><br>      Defendants. | ORDER & MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:04-CV-00119 TC |

  This matter is before the court on four separate issues.  Plaintiffs ClearOne Communications, Inc., and Edward D. Bagley (collectively "Plaintiffs") have submitted a motion for partial summary judgment on the effect of the severability clause, a motion to amend their complaint, and a motion in limine.  Mr. Bagley has separately objected to Magistrate Judge Nuffer's May 23, 2005 Order granting in part his motion to compel.  A hearing on these matters was held on July 6, 2005, at which time the court granted Plaintiffs' motion in limine, and denied Plaintiffs' motion to amend their complaint.

  The court now enters the following order pertaining to the motion for partial summary judgment and Mr. Bagley's objections to Magistrate Judge Nuffer's May 23, 2005 Order.

## ANALYSIS[1]

**Motion for Partial Summary Judgment Re: Severability Clause**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

ClearOne obtained $3 million in primary coverage director and officers insurance ("D&O Policy") from Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The insurance application was signed by Frances Flood, ClearOne's Chariman and CEO, and contains a severability clause which reads:

> It is further agreed that in regard to the applicability of questions 8, 9, and 10 above, the facts pertaining to any knowledge possessed by any insured (other than the knowledge and/or information possessed by the person(s) executing the application) shall not be imputed to any other Insured Person; only facts pertaining to any knowledge possessed by any past, present or future chairman of the board, president, [CEO, COO, CFO] and General Counsel (or equivalent position) of the Organization shall be imputed to the Organization.

(D&O Policy Application ("Application") attached as Ex. C to Pla. Mem. Supp. Mot. Partial Summ. J. re: Severability Clause at NU000340). ClearOne and Mr. Bagley have moved for partial summary judgment on the limited issue of the effect of this severability clause as it applies to National Union's decision to rescind the D&O Policy.

---

[1]The facts of this case have been well developed in the pleadings and will only be explored to the extent necessary to explain this Order.

In Utah, insurance policies are generally viewed as a contracts and the policy language is "construed according to its usual and ordinary meaning." Alf v. State Farm Fire & Cas. Co., 850 P.2d 1272, 1274 (Utah 1993). Here, the plain language of the severability clause clearly states that all of the individual insureds are imputed with the knowledge of the person who signed the application, Frances Flood, and also indicates that the clause is limited to questions eight, nine and ten of the application.

Absent a determination of whether National Union's rescission is, in fact, based upon question eight, nine, or ten, the court is not able to conclusively determine the effect of the severability clause as it applies to the rescission of the D&O Policy.[2] Any conclusion drawn by the court regarding the effect of the severability clause without an application to the specific facts of the case would be mere speculation and conjecture. Summary judgment on this issue is inappropriate at this time.

**Objections to Magistrate's Order**

Henry Williams was deposed as National Union's 30(b)(6) designee regarding "lawsuits since January 1, 1999, in which National Union claimed that a directors and officers insurance policy . . . should be rescinded for fraud." (Pla. Obj. Mag. Order at 2). Mr. Williams testified that he spoke with several of National Union's lawyers before the deposition to acquire the information necessary to competently testify and also reviewed letters from those same lawyers. Mr. Williams testified that this was to "refresh his memory" in advance of the deposition.

---

[2]For example, the court would first need to determine whether the theory of rescission implicates questions eight, nine, or ten, or whether there is a separate basis for rescission not otherwise covered by the severability clause. The court would also need to know whose knowledge is sought to be imputed to whom before the true effect of the clause can be determined.

During the deposition, Mr. Williams refused to testify about his conversations with those lawyers and about the content of the letters he reviewed.  National Union also refused to provide those letters.

On February 25, 2005, Mr. Bagley moved to compel the production of the documents referred to by Mr. Williams at his deposition and also to compel Mr. Williams to testify regarding his conversations with National Union's lawyers.   On May 23, 2005, Magistrate Judge Nuffer entered an Order granting in part and denying in part Mr. Bagley's motion to compel. Mr. Bagley now objects to Magistrate Judge Nuffer's May 23, 2005 Order.  Pursuant to Federal Rule of Civil Procedure 72(a) Magistrate Judge Nuffer's Order may only be set aside or modified if the court finds that it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

 Magistrate Judge Nuffer's May 23, 2005 Order makes clear that he carefully reviewed Mr. Williams' testimony to determine which of the subject documents were privileged and which were not.  At the conclusion of his Order, Magistrate Judge Nuffer delineated which documents and portions of documents are privileged and which are not.  Having fully reviewed Mr. Williams deposition testimony and the subject documents, the court cannot find that Magistrate Judge Nuffer's determinations were contrary to law.

Mr. Bagley argues that Magistrate Judge Nuffer failed to fully consider whether privilege had been waived under Utah Rule of Evidence 507(a).  Under the Federal Rules of Evidence, the attorney-client privilege is governed by Utah law.  Fed. R. Evid 501.  Privilege may be waived under Utah Rule of Evidence 507(a)  if the holder  "voluntarily discloses or consents to the disclosure of any significant part of the matter or communication."  Utah R. Evid. 507(a).  It does not appear that Mr. Williams disclosed information of a privileged nature during the course of his deposition.  While he did review the subject documents in preparation to testify, his testimony

appears to consist of only objective, independent facts that happened to be in those materials. This is not a waiver of privilege and the court finds no reason to disturb Magistrate Judge Nuffer's Order.

Finally, Mr. Bagley argues that he is entitled to the documents under Federal Rule of Evidence 612, which provides:

> if a witness uses a writing to refresh memory for the purpose of testifying, either –
>
> > (1) while testifying; or
> > (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. R. 612.   Mr. Bagley argues that Mr. Williams's admission that he used the documents to refresh his recollection is sufficient to compel the production of these documents. Mr. Bagley, however, has not made a showing, other than quoting from the deposition, that these documents were truly used as a refreshment of recollection rather than for the acquisition of information so as to become more competent to testify.   Again, the court finds no reason to disturb Magistrate Judge Nuffer's conclusions.

In sum, it is apparent to the court that Magistrate Judge Nuffer's May 23, 2005 Order was not an abuse of discretion and therefore cannot be overturned.

## ORDER

For the reasons set forth above and at the July 6, 2005 Hearing:

1.      Plaintiffs' motion in limine is GRANTED;

2.      Plaintiffs' motion to amend is DENIED

3.      Plaintiffs' motion for partial summary judgment regarding the effect of the severability

        clause is DENIED without prejudice;

4.      Magistrate Judge Nuffer's May 23, 2005 Order is AFFIRMED.

        SO ORDERED this 27th day of July, 2005.

                        BY THE COURT:

                        TENA CAMPBELL
                        United States District Judge