IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., and EDWARD D. BAGLEY,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>LUMBERMENS MUTUAL CASUALTY COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION: ORDER REGARDING COSTS AND REPORT AND RECOMMENDATION REGARDING ATTORNEYS' FEES**<br><br><br><br>Case No: 2:04-CV-0119 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Following summary judgment[1] in its favor, National Union, the sole party defendant at this time, has filed a bill of costs,[2] a motion for non-statutory costs and expenses[3] and a motion for attorneys' fees.[4]  The motions were referred to the magistrate judge.[5]  This document contains an *order* resolving the costs claims and a report and *recommendation* regarding the attorneys' fees claims.

---

[1]Order and Memorandum Decision (Summary Judgment Order), docket no. 369, filed October 21, 2005.

[2]Docket no. 384, filed November 7, 2005.

[3]Docket no. 374, filed November 4, 2005.

[4]Docket no. 379, filed November 4, 2005.

[5]Docket no. 383, filed November 7, 2005.

**Table of Contents**

Nature of Case and Disposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

1. Bill of Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

2. Additional Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

3. Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

     a. Sources of Authority for Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

          I. Reciprocal Right to Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

          ii. 28 U.S.C. § 1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

          iii. Utah Code Ann. §78-27-56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

          iv. Inherent Power . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

     b. National Union's Specific Fee Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

          I. Falsely Designated Motion for Reconsideration . . . . . . . . . . . . . . . . . . . . -15-

          ii. Discovery Related Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

          iii. Failure to Stipulate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

          iv. Use of Expert . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

     c. Summary of Attorneys' Fees Issues Against Both Plaintiffs . . . . . . . . . . . . . . . -19-

     d. Attorneys' Fees for Bagley's Claim Against National Union . . . . . . . . . . . . . . . . -19-

RECOMMENDATION on Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

ORDER on Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

**Nature of Case and Disposition**

In 2002, National Union issued a $3 million Directors and Officers Liability Policy to ClearOne after an extensive application and review, including submissions of financial records.[6] The one year policy period began October 29, 2002.[7]

On January 15, 2003, the SEC initiated a civil action alleging that ClearOne and its officers had engaged in a program of inflating ClearOne's revenue, net income, and accounts receivable by engaging in improper revenue recognition.[8]  On January 21, 2003, ClearOne issued a press release stating that its financial statements for the period 2001 - 2002 were under review and should not be relied upon.[9]  Also in early 2003, ClearOne notified National Union that it was being sued by shareholders for financial mis-reporting.  National Union responded that it would seek to rescind the policy based on irregularities in ClearOne's financial statements.[10]  ClearOne eventually settled the shareholder litigation for $5 million and issuance of 1.2 million shares of stock.[11]  Bagley, a 15% shareholder and director, was excluded from the settlement payment and payout.[12]

---

[6]Summary Judgment Order at 2-4.

[7]*Id.* at 6.

[8]*Id.* at 14.

[9]*Id.* at 13.

[10]*Id.* at 15-16.

[11]*Id.* at 15.

[12]*Id.*

National Union filed this declaratory action to affirm its rescission of the policy.  Bagley and ClearOne counterclaimed to enforce the policy and assert bad faith claims against National Union.

The district judge found that National Union was entitled to rescind and entered summary judgment in its favor,[13] dismissing claims brought by ClearOne and Bagley.[14]  The district judge specifically found that "ClearOne's financial statements were material to National Union's decision to issue the Policy[;] that National Union reasonably relied on those financial statements;"[15] and that "the provision of those misstatements to National Union was not innocent."[16]  Beyond the fact that the insurance policy was properly rescinded, Bagley's claims were also dismissed because his losses were suffered as a shareholder and not in his insured capacity, as a director.[17]

## 1.  Bill of Costs

National Union filed a bill of costs, seeking a total of $43,975.69, including $8,701.75 for "fees and disbursements for printing" and $3.953.41 for "fees for exemplification and copies of

---

[13]*Id.* at 27.

[14]*Id.* at 29.

[15]*Id.* at 24.

[16]*Id.* at 26.

[17]*Id.* at 29.

papers necessarily obtained for use in this case."[18]  These two categories draw Plaintiffs'
objections.[19]

The "fees and disbursements for printing" are entirely due to "blowbacks"[20] of documents
printed from CDs produced by Plaintiffs and third parties.  Approximately 35,000 pages were
printed in this manner, and are billed at a cost of $0.25 each.[21]  Plaintiffs object to the quantity of
pages and to the cost per page.

Awards of costs are governed by Fed. R. Civ. P. 54 which provides that "costs other than
attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise
directs."[22]  Allowable costs are listed in 28 U.S.C.A. § 1920.[23]  The statute lists six categories of
awardable costs, constituting official fees and expenses of presenting evidence to the court.

---

[18]Docket no. 384, filed November 7, 2005.

[19]Plaintiffs' Objections to National Union's Bill of Costs (Objections), docket no. 370, filed November 18, 2005.

[20]Documents are often produced between parties on CD or DVD because the cost of production and delivery of
documents on disk is so much less than production and delivery of paper – and because the electronic versions *may*
allow key word searching or examination of metadata.  The practice of printing these electronic documents to paper
(blowing them back to tangible form) is referred to as "blowback."

[21]Exhibit 3 to Bill of Costs.

[22]Fed. R. Civ. P. 54(d)(1).

[23]A judge or clerk of any court of the United States may tax as costs the following:
     (1) Fees of the clerk and marshal;
     (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in
     the case;
     (3) Fees and disbursements for printing and witnesses;
     (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
     (5) Docket fees under section 1923 of this title;
     (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and
     costs of special interpretation services under  section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Plaintiffs object that there has been no showing that these 35,000 copies were *necessary*.[24] Necessity is the threshold standard and it can be shown in different ways:

> The court's exercise of its discretionary power [to award costs] turns on whether or not the costs are for materials necessarily obtained for use in the case. . . .  The most direct evidence of "necessity" is the actual use of materials obtained by counsel or by the court. . . .  Though use at trial by counsel or the court readily demonstrates necessity, if materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs.[25]

National Union points out that over 229,000 pages were produced in electronic form by Plaintiffs and third parties,[26] and that the costs requested are for only about 15% of the pages produced.  Printing costs for all 229,000 pages might have been incurred if they had been delivered in paper form.

As to the necessity of the pages printed, National Union describes the use of many of these pages in depositions and court exhibits.[27]  Further it is understandable that some use of paper is necessary to "organize exhibits, [prepare] chronologies, sort and compare similar documents and analyze documents by issues."[28]   The court's own procedures require that some use of paper is necessary even for documents readily available in electronic form.[29]

---

[24]Objection at 4.

[25]*U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988) (citations omitted).

[26]National Union's Reply Memorandum in Support of Cost Bill (Reply Cost Memorandum), docket no. 395, filed November 30, 2005

[27]*Id.* at 6 nn.5 and 6.

[28]*Id.* at 5.

[29]District of Utah CM/ECF Administrative Procedures Manual, F.3.c., D-Utah Version 12-05 http://www.utd.uscourts.gov/documents/utahdraftadminproc.pdf (Last visited December 31, 2005).

Copies are charged by the state courts at $0.25 per page[30] and at $0.50 per page by the federal court.[31]

The charges are reasonable in amount, and the bill seeks a cost award for a necessary number of pages.  Since there are no objections to the other elements of the Bill of Costs, it will be allowed in full.

### 2.   Additional Costs[32]

National Union has also moved for recovery of nontaxable expenses in six categories, three principal and three alternative:[33]

| | | |
|---|---|---|
| a. | costs for counsel to travel to attend depositions | $28,762.61; |
| b. | costs for videotaping depositions | $14,965.03; and |
| c. | unusual costs related to depositions in Australia | $8,450.00; *or* |

*alternatively,* travel and videotape costs of

| | | |
|---|---|---|
| d. | marketing and advertising depositions | $7,116.90; |
| e. | depositions related to National Unions' rescission of similar policies | $1,139.45; and |
| f. | deposition related to a withdrawn expert | $3,552.37. |

---

[30]http://www.utcourts.gov/resources/Fees.htm (Last visited December 31, 2005).

[31]http://www.utd.uscourts.gov/documents/feepage.html (Last visited December 31, 2005).  However, viewing an electronic document is charged at $0.08 per page. *Id.*

[32]Docket no. 374, filed November 4, 2005.

[33]Declaration of Douglas R. Irvine in Support of Defendant National Union's Motion for Non-Statutory Expenses and Costs, docket no. 386, filed November 8, 2005.

National Union claims that  recovery of costs not listed in the statute is authorized by Fed. R. Civ. P. 54(d)(2)(A):

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

The reference to "related nontaxable expenses" only means that where substantive law governing the action provides for recovery of attorneys' fees, then such expenses may also be claimed.

The Tenth Circuit has recently clarified there is no authority for recovery of non-statutory costs.  "Absent some other statutory authorization, costs available to a prevailing party . . . are limited to those specified in 28 U.S.C. § 1920 . . . ."

Cases do hold that the statute authorizes award of the expense of videotaping depositions.[34] Here, with the unavailability of process to compel trial appearance of some witnesses[35] and potential unavailability of others, videotaping depositions was nearly essential to effective trial preparation and making an effective record.  The $14,965.03 expense of videotaping depositions will be awarded.

---

[34] *Tilton v. Capital Cities/ABC,* 115 F.3d 1471, 1477 (10th Cir. 1997).

[35] *Bordelon v. Winn-Dixie Stores of Louisiana, Inc.,* No. Civ. A. 97-0045, 1999 WL 236620, *2 (E.D. La. April 20, 1999)* ("The witness in the present case, Lila Morgan, lives outside of the jurisdiction of this Court and would not voluntarily travel to New Orleans to testify.").

### 3. Attorneys' Fees

### a.  Sources of Authority for Award

National Union claims three grounds for its motion[36] for awards of attorneys' fees:

a.  "[A]t least some of Plaintiffs' actions were undertaken in bad faith and were without merit and unreasonable."[37]  "Rule 54(d)(2)(A) and Utah Code Ann. §78-27-56 and the court's inherent equitable power"[38] are claimed as a basis for an award on these facts.

b.  "[T]here are certain issues wherein Plaintiffs have acted unreasonably and vexatiously in this case such that fees are warranted pursuant to 28 U.S.C. §1927, Fed. R. Civ. P. 26(g), and the court's inherent equitable power . . . ."[39]

c.  "[B]ecause the insured in a bad faith insurance action can seek attorney's fees, and because Utah law recognizes a reciprocal rule regarding attorney's fees in contract claims [Utah Code Ann. § 78-27-56.5]" National Union should receive an award of fees "for having defeated Plaintiffs' bad faith claims."[40]

### I.  Reciprocal Right to Fees

The latter point is easiest to resolve.  Utah Code Ann. § 78-27-56.5[41] applies only to actions on written instruments:

A court may award costs and attorney's fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing . . . when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney's fees.

---

[36]Docket no. 379, filed November 4, 2005.

[37]National Union's Memorandum of Points and Authorities in Support of Its Motion for An Award of Attorney's Fees (Fees Memorandum) at 2, docket no. 380, filed November 4, 2005.

[38]*Id.*

[39]*Id.*

[40]*Id.*

[41]Mis-cited by National Union as section 56.  Fees Memorandum at 20.

National Union argues that this statute means *it* should recover attorneys' fees because Plaintiffs' bad faith claim was *contractual* in nature.[42]  National Union's contract form would not have given Plaintiffs a right to attorneys' fees in their bad faith action.  The statute only applies to claims based on written documents, so it cannot apply here.  National Union did not repeat this argument in its Reply Memorandum, so it may have dropped this assertion.

### ii.  28 U.S.C. § 1927

National Union also urges 28 U.S.C. § 1927 as a basis for an award of fees.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Sanctions under § 1927 are appropriate for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."[43]  This standard is similar to those applicable to the two other bases for National Union's attorneys' fees claims.  The discussion of specific claims later in this order will deal with this basis for the claims.

### iii.  Utah Code Ann. §78-27-56

A Utah statute is also urged as a basis for award of fees.  "In civil actions, the court shall award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith . . . ."[44]  The

---

[42]*Id.*

[43]*Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995) (quoting *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987)).

[44]Utah Code Ann. §78-27-56.

leading Utah case, *Cady v. Johnson*,[45] holds that a party seeking an award must show the other

party's action or defense was "without merit" (which means it was frivolous) *and* that it was

brought or asserted in bad faith (which is synonymous with a lack of good faith).  Bad faith is

subjective.

> To find that a party acted in "bad faith," the trial court must find that one or more
> of the following factors existed: (I) The party *lacked an honest belief* in the
> propriety of the activities in question; (ii) the party *intended to take
> unconscionable advantage* of others; or (iii) the party *intended to or acted* with
> the *knowledge* that the activities in question would *hinder, delay, or defraud*
> others.[46]

Bad faith will not be implied from a lack of merit, as that would collapse the two prongs

of the test.  In *Cady*, the defendant said plaintiffs lacked good faith because plaintiffs failed to

research an issue as instructed at a pre-trial conference.  That research would have disclosed they

had no valid claim and thus "they could have saved the court valuable time by avoiding trial."[47]

But the court disagreed that this was "bad faith."  Even though "Plaintiffs were clearly pursuing a

meritless claim and better preparation might well have disclosed that to them . . . that conduct

does not rise to lack of good faith."[48]

Because of the similarity of this standard and the other standards for attorneys' fees

claims, the discussion of specific claims later in this order will deal with this basis for the claims.

---

[45] 671 P.2d 149, 151 (Utah 1983).

[46] *Valcarce* v. *Fitzgerald,* 961 P.2d 305, 316 (Utah 1998) (citing *Cady v. Johnson*, 671 P.2d at 151)(emphasis added).

[47] *Cady,* 671 P2d  at 152.

[48] *Id.*

### iv.  Inherent Power

National Union also claims the court should award fees under its inherent power:

> The Court has the inherent power to assess attorney's fees when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. U.S. ex rel. Industrial Lumber Co.,* 417 U.S. 116 (1974); *see also*, *Alyeska Pipeline Serv. Co.* v. *Wilderness Soc'y,* 421 U.S. 240, 258-59 (1975). "As an exercise of the courts' historic equitable powers, it uniformly has been held that fees can be assessed because of the oppressive conduct or bad faith of the opposing litigant." Wright & Miller, 10 F.P.&.P. § 2675; *see also, Chambers v. NASCO, Inc.,* 501 U.S. 32, 51 (1991); *Morganroth & Morganroth v. DeLorean,* 213 F.3d 1301, 1317 (10th Cir. 2000); *Boyd Rosene and Assoc., Inc. v. Kansas Mun. Gas Agency,* 174 F.3d 1115, 1126 (10th Cir. 1999).  "This exception is commonly referred to as the "bad-faith" exception to the American Rule." *Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 765 (10th Cir. 1997).  "[I]f a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, [citation omitted], as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *In re DeVille,* 361 F.3d 539, 545 (9th Cir. 2004).[49]

*Towerridge* held that fees awarded under the court's inherent power to punish bad faith conduct "are designed to punish the abuse of judicial process . . . . [w]here a party institutes an unfounded action wantonly or for oppressive reasons, or necessitates an action be filed or defends an action through the assertion of a colorless defense . . . ."[50]

In *Chambers,* an award of attorneys' fees was justified by plaintiff's attempts to deprive the court of jurisdiction by fraudulent acts, filing false and frivolous pleadings and "other acts of delay, oppression, harassment and massive expense . . . ."[51]  The Supreme Court cautioned that

---

[49]Fees Memorandum at 16.

[50]113 F.3d at 756-66, 768.

[51]501 U.S. at 52.

shifting fees because of bad faith is *punitive* and that an "'award of attorneys' fees for bad faith serve[s] the same purpose as a remedial fine imposed for civil contempt.'"[52] "Because of their very potency, inherent powers must be exercised with restraint and discretion."[53]  A court should "exercise caution in invoking its inherent power."[54]

This basis for the attorneys' fees claims will be discussed below in part b. as to each specific fee request.

### b.  National Union's Specific Fee Requests

National Union's claims must be measured against these very high standards for award of fees in cases in which no statute or contract provides for an award of fees to the prevailing party. National Union seeks fee awards in seven subject matter areas.

Except for the attorneys' fees on Bagley's claim, National Union is seeking to "piecemeal" its attorneys fees by selecting some of Plaintiffs' litigation activities that, *in light of the court's summary judgment order*, were useless.  The conceptual problem with this approach is that it evaluates the case in hindsight, when case scheduling requires that all discovery and motions occur simultaneously.  There was no phasing or bifurcation in this case, so Plaintiffs were obligated to develop all claims and defenses simultaneously.  The parallel – rather than sequential – nature of the litigation process almost ensures that some activities will go for naught, particularly in a case with claims and counterclaims and affirmative defenses.  But the fact that

---

[52]*Id*. at 53 (quoting *Hutto v. Finney,* 437 U.S. 678, 691 (1978)).

[53]*Id*. at 44-45.

[54]*Id*. at 50.

two out of four downs in a football game fail to yield positive yardage or that an entire drive does not result in a score does not necessarily mean that the plays were *unfairly* burdensome to the winning team.

National Union makes much of the district judge's statement that "the overwhelming evidence in the record [shows] that National Union has . . . properly rescinded the Policy,"[55] and similar statements that there was "no question,"[56] "no merit"[57] or "no issue of material fact"[58] on other key points.  However, these statements do not refer to *any* of the areas in which fees are claimed by National Union.  The National Union victory did not depend directly on the failure of any of sub-issues in which National Union seeks recovery of fees, except for Bagley's claims.

Thus, there are no findings in the adjudication of this case which squarely cover the issues presented in the attorneys' fees claims.  Most of these subject areas are unadjudicated because the district judge did not need to reach the issue.  Some of the areas were adjudicated to have some merit.  In none of the areas did the district judge find – nor does the record show – lack of honest belief; intention to take unconscionable advantage; or intention to act or actions taken with the knowledge that the activities in question would hinder, delay, or defraud.  It cannot be said that counsel showed intentional or reckless disregard of duties to the court or that this is a situation akin to civil contempt.

---

[55]Summary Judgment Order at 2 quoted in Fees Memorandum at 3.

[56]*Id.* at 3.

[57]*Id.* at 3 and 4.

[58]*Id.* at 4.

## I. Falsely Designated Motion for Reconsideration

National Union claims that Plaintiffs' falsely designated a new motion as a motion to reconsider[59] a motion for summary judgment which had been denied without prejudice.[60]  "The motion improperly cited new legal theories and made new arguments.  Plaintiffs' motion raised, for the first time, the Utah incorporation statute, U.C.A. 531A-21-106."[61]  It was "filed two months after the dispositive motion deadline" and "was not a motion for 'reconsideration' at all, but rather a motion premised on new legal theories."[62]

The first motion pertained to "the limited issue of the effect of this severability clause as it applies to National Union's decision to rescind the D&O Policy."[63]  The motion was denied without prejudice because the court was unable to determine the contractual provision under which National Union sought rescission.  "Any conclusion drawn by the court regarding the effect of the severability clause without an application to the specific facts of the case would be mere speculation and conjecture."[64]

After National Union filed its motion for summary judgment making its rescission claims clear, Plaintiffs filed the disputed motion for reconsideration.  There was no separate memorandum for the motion to reconsider; but the argument was woven into Plaintiffs'

---

[59]Docket no. 276, filed August 22, 2005.

[60]Order and Memorandum Decision, docket no. 254, filed August 1, 2005.

[61]Fees Memorandum at 9.

[62]*Id.*

[63]Order and Memorandum Decision at 2.

[64]*Id.* at 3.

opposition to National Union's motion.[65]  In the Order, the district judge specifically noted the pending dispute on the effect of the severability clause, but found that there was "no need to reach" the issue because of the nature of its decision in favor of National Union on rescission.[66]

This record does not establish any basis for award of attorneys' fees for the motion, but shows that the motion to reconsider was made as a legitimate part of the litigation, responsive to National Union's motion.

### ii.  Discovery Related Fees

National Union seeks to recover fees for two *adjudicated* discovery issues:  Plaintiffs' pursuit of and attempt to use discovery relating to National Union's marketing and advertising materials"[67] ($58,745.50)[68] and "pursuit of discovery with respect to other rescission cases involving National Union that had no relevance to any issue in this action"[69] ($18,552.50).[70]  A third, unadjudicated, discovery issue also gives rise to a claim for $17,128.50 fees.[71]  That issue was "Bagley's specious attempts to resist production of his e-mails and his unresponsive and

---

[65]Plaintiffs' Memorandum in Opposition to Defendant National Union's Motion for Summary Judgment at 6-10, docket no. 270, filed August 22, 2005.

[66]Summary Judgment Order at 4 n.2.

[67]Fees Memorandum at 2.

[68]*Id.* at 8.

[69]*Id.* at 3.

[70]*Id.* at 15.

[71]*Id.* at 11.

incomplete affidavit of inability to find documents he had deleted and Counsel for Bagley's unreasonable failure to sign the discovery response . . . ."[72]

As to the adjudicated discovery issues, the magistrate judge *granted* the motions to compel discovery of marketing and advertising materials, and discovery as to other rescission cases.  It would be incongruous to penalize Plaintiffs for fees incurred by National Union in court-permitted activity.

The other discovery related claim was not adjudicated.  The magistrate judge ordered Bagley to produce certain e-mails[73] and National Union filed a motion alleging non-compliance.[74] The motion was not adjudicated by the time of the Summary Judgment Order, even though it was fully briefed.[75]

This claim for attorneys' fees (and the next two) can only be determined if the court were to make an inquiry into areas of the litigation now foreclosed.  National Union offers no authority for the institution of subsidiary (and now irrelevant) litigation on fees issues.

### iii.  Failure to Stipulate

National Union claims that Plaintiffs unjustifiably sought to introduce evidence of financial condition of National Union's parent corporation and included some of that information

---

[72]*Id.* at 3.

[73]Docket no. 261, entered August 11, 2005.

[74]Docket no. 314, filed September 22, 2005.

[75]Docket nos. 315, 316, 317, 329 and 353.

in an expert's report.[76]  According to National Union, "Plaintiffs initially agreed to stipulate to precluding evidence" but refused to sign the stipulation.[77]

These facts are also disputed.  "ClearOne and Bagley dispute that any oral stipulation was agreed to by the parties or that counsel reneged on any such stipulation. In fact, Bagley only invited a stipulation proposed by National Union which his counsel said he would review."[78]

### iv.  Use of Expert

Plaintiffs proposed an expert who National Union deposed, but who was withdrawn[79] after a motion was filed to exclude him.[80]  National Union says it is entitled to fees "[b]ecause [the expert's] opinions were irrelevant and inappropriate to this action . . . ."[81]  Plaintiffs claim that the withdrawal was a "strategic decision based in part upon the testimony that had been given by National Union's witnesses . . .  that it would not be necessary to call" the expert.[82] These facts are also unresolved.

---

[76]Fees Memorandum at 9.

[77]*Id.*  at 10.

[78]Plaintiffs' Consolidated Memorandum in Opposition to Defendant's Motion for An Award of Attorney's Fees and Motion for Non-Statutory Expenses and Costs (Consolidated Opposition Memorandum) at 45, docket no. 392, filed November 21, 2005.

[79]Docket no. 259, filed August 1, 2005.

[80]Docket no. 250, filed July 15, 2005.

[81]Fees Memorandum at 13.

[82]Consolidated Opposition Memorandum at 48.

### c.  Summary of Attorneys' Fees Issues Against Both Plaintiffs

National Union should not be awarded attorneys' fees on any of the issues it has presented.  The motion for reconsideration was clearly legitimate.  Fees will not be awarded for discovery the court reviewed and permitted.  The other claims ask for litigation of issues that are now collateral to the litigation, but previously were legitimate actions in the context of an evolving case.

### d.  Attorneys' Fees for Bagley's Claim Against National Union

The claim for attorneys' fees arising out of Bagley's claims are a little different.  "Mr. Bagley, a director of ClearOne, ask[ed] for damages equal to the amount his stock holdings in ClearOne will be diluted by the issuance of 1.2 million additional shares of stock as part of a class action settlement."[83]  His claim was under the insurance policy, but he was only insured as a director, not as a shareholder.  "Because Mr. Bagley's claimed injury is an injury that he suffered as a shareholder, not an injury suffered in his capacity as a ClearOne director, National Union's motion for summary judgment [was] granted."[84]  National Union claims $15,047.50 in attorneys' fees on its motion against Bagley's claim.[85]

Similar to *Cady*, however, it is clear that there was no merit to Bagley's claims, but not clear that Bagley lacked an honest belief; intended to take unconscionable advantage; or intended to act or acted with the knowledge that the activities in question would hinder, delay, or defraud.

---

[83]Summary Judgment Order at 2.

[84]Summary Judgment Order at 2.

[85]Fees Memorandum at 6.

Further, it cannot be said that Bagley's counsel showed intentional or reckless disregard of his duties to the court or that this is a situation akin to civil contempt.  Therefore, there is no basis for any attorneys' fees claims against Bagley.

## RECOMMENDATION on Attorneys' Fees

This motion for attorneys' fees is treated "as if it were a dispositive pretrial matter"[86] for purposes of referral. Therefore, the magistrate judge *recommends* that the motion for attorneys' fees be denied.

If the district judge is not inclined to accept this recommendation, it is recommended that the district judge "defer its ruling on the motion, or . . . deny the motion without prejudice, directing under [Rule 54 (d)(2)(B)] a new period for filing after the appeal has been resolved."[87] That would give the court the benefit of any appellate observations on the merits of the case.

---

[86] Fed. R. Civ. P. 54(d)(2)(D).

[87] If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.  Fed.R.Civ.P. 54, Advisory Committee Notes, 1993 Amendments (emphasis added).

**ORDER on Costs**

As to the issues other than attorneys' fees,

IT IS HEREBY ORDERED:

1.      The Bill of Costs[88] is awarded in the full amount of $43,975.69; and

2.      The Motion for Non-Statutory Costs and Expenses[89] is GRANTED IN PART as to

the videotaping expenses of $14,965.03 but otherwise DENIED.

January 6, 2006.

                        BY THE COURT:

                        _____
                        David Nuffer
                        U.S. Magistrate Judge

---

[88]Docket no. 384, filed November 7, 2005.

[89]Docket no. 374, filed November 4, 2005.